UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 08 2010

RONALD GIDDENS,

      Plaintiff,

 -against-

AMENDED COMPLAINT
(LAP) 09-cv-10330

The City of New York;
N.Y.C. Department of Corrections;
Juan Quinones, Warden of O.B.C.C.;
Captain Pittman (Badge #967);
Captian China (Badge #13670);
Correction Officer Mitchell (Badge #9627),

      Defendants.
Sued in their official and individual capcities.

---

Plaintiff for his compalint and claims alleges: that he was assualted and battered by an inmate while being detained at Otis Bantum Correctional Center ("O.B.C.C."), located on Rikers Island. That as a result of said assualt and battery, plaintiff incurred second degree burns to his arm. That the defendants deprived plaintiff of his constitutional rights to be free from cruel and unusual punishment and equal protection of the laws, and comman law tort.

## VENUE

1. Plaintiff institues these proceedings and invokes the jurisdiction of this court under and by virtue of 28 USC §§1331, 1343, 1391, for violations of constitutional rights as provided in 42 USC §§1983. The plaintiff seeks monetary damages, as well as attorney fees and costs pursuant to 42 USC § 1988.

2. The violations of plaintiff's rights as alleged herein was committed within the State of New York, County of the Bronx.

## PARTIES

3. Plaintiff, Giddens, is a citizen of the United States of America and was at all times relevant herein an inmate being

detained at O.B.C.C., a Correctional facility located on Rikers Island.

4. Defendant The City of New York is a Municupality of the State of New York.

5. Defendant N.Y.C. Department of Corrections is an agency maintained and operated by defendant City of New York, which O.B.C.C. is a part of and where detained and sentenced inmates are held.

6. Defendant Juan Quinones, was at all times relevant herein the duly appointed Warden of O.B.C.C. and is and was all times relevant herein was a resident of the State of New York.

7. Defendant Captain Pittman (#967), was at all times relevant herein the duly appointed Captain at O.B.C.C., and is and was at all times relevant herein a resident of the State of New York.

8. Defendant Captain China (#13670), was at all times relevant herein the duly appointed Captain at O.B.C.C, and was at all times relevant herein a resident of the State of New York.

9. Defendant Correction Officer Mitchell, was at all times relevant herein a duly appointed correction officer at O.B.C.C, and was at all times relevant herein a resident of the State of New York.

10. Defendants Quinones, Pittman, China, and Mitchell are sued individually and in their official capacities. Relief is sought against each and all defendants as well as their agents, assistants, successor, employess and persons acting in concert or cooperation with them or at their directions or under their supervision.

11. At al times relevant herein, the defendants City of New York and the N.Y.C. Department of Corrections, and their agents, assistants, employees acted pursuant to the policies, regulations, or decisions officially adopted or promulgated by those in the NY.C. Department of Corrections whose acts may fairly be said to represent official policy or were pursuant to custom of the N.Y.C. Department of Corrections.

12. At all times relevant herein, defendants have acted under the color of authority of the law of the State of New York or in active concert with such defendants who are so acting.

## FACTS

13. On and about November 3, 2009, plaintiff was housed at O.B.C.C. 6-upper. Plaintiff had an altercation with inmate Cedeno, in the stariwell of O.B.C.C. Upon entering the housing unit Correction Officer Mitchell was informed of the altercation.

14. After being infomeddof said fight, Correction Officer Mitchell did nothing to prevent any further incidents between the plaintiff and the other inmate. Minutes after, plaintiff was assualted and battered a second time by the inmate.

15. At approximately 8:45 P.M. plaintiff waasusing the telephone when inmate Cedeno approached plaintiff and threw hot water onto plaintiff. As a result plaintiff received second degree burns to his arm. (See attached amended infraction).

16. Defendants Pittman, China and Mitchell and the N.Y.C. Department of Corrections and Juan Quinones, Warden, and their agents, officers and employees working under their supervision placed plaintiff in 6-Upper where plaintiff was assualted and battered.

17. Plaintiff was viciously, maliciously and brutally, assaulted and battered, causing plaintiff to suffer extreme physical pain and mental anguish and humilation, the full extent of which cannot be measured.

18. Defendants Quinones, Pittman, China, N.Y.C. Department of Corrections and the City of New York, and their officers, agents and employees individually and collectively were grossly negligent in:

   (a) allowing two inmates who had previously had an altercation to be housed in the same cell block, while only one guard was on duty in that building, and in;

   (b) allowing inmates, who defendants knew or should have known were particularly suceptible to physical attack by other inmates, especially after being informed about a prior altercation, to be placed in the same housing unit, while only one guard was on duty, when based on prior experience they knew or in the exercise of ordinary care should have known: (1) that these practices made it highly foreseeable that some inmates such as plaintiff would be attacked and (2) that the number of guards provided was insufficient to prevent such attack and to properly rescue plaintiff when the attack occurred.

19. In addition, defendants Quinones, Pittman, China, N.Y.C. Department of Corrections and the City of New York and their officers, agents and employees were grossly negligent in failing to assign an adeqaute number of guards to 6-Upper housing unit on the date in wuestion, when they individually and collectly knew or in the exercise of ordinary care should haveknown, based on prior knowledge of the altercation between plaintiff and inmate Cedeno and prior experience:

(a) that this practice made it highly foreseeable that some inmates, and in particular plaintiff would be attacked assaulted and battered receiving second degree burns, and
(b) that the number of guards provided was insufficient to prevent such attacks and/or to rescue inmates should attacks occur again the future.

20. The acts of defendants and each of them, subjected plaintiff to cruel and unusual punishment in violationof the Eight and Fourteenth Amendments of the United States Consitution and have caused plaintiff to suffer damages in the sum of Seventy Five ($75,000.00) Thousand dollars.

## COUNT TWO

21. Plaintiff for Count two of his complaint adopts by reference paragraphs 1 through 20 of Count One of this complaint.

22. Defendants Quinones, Pittman, China, Mitchell, N.Y.C. Department of Corrections, City of New York and their agents, offciers and employees, individually and collectly, egregiously failed to provide adequate security for plaintiff by:

(a) Placing him in the same housing unit with the other inmate and by:
(b) placing him in the same housing unit with inmate Cedeno and keeping him there while having personal knowledge of plaintiff being attacked in the stairwell and while only having only one guard on duty on 6-Upper, when they knew, or in the exercise of ordinary care should have known, based on prior experience, that plaintiff was highly susceptible to physical attack by an inmate and that: (1) these action made it highly foreseeable that he would be physically attacked, assualted and battered, and

(2) that the number of guards provided was insufficient to prevent such attacks or to rescue the plaintiff shold such attacks occur.

23. The acts of defendants, and each of them, subjected plaintiff to cruel and unusual punishment in violation of the Eight Amendment and Fourteenth Amendment of the United States Constitution and have caused plaintiff to suffer damages in the sum of Sewventy Five Thousand ($75,000.00) dollars.

24. As a direct and proximate cause of the acts and omissions of defendants, plaintiff continues to feel pain from the injuries caused by inmate Cedeno.

25. At all times pertinent to these allegations, plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to defendants and inmate Cedeno.

26. Defendants acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Defendants City of New York, N.Y.C. Department of Corrections, Quinones, Pittman, China, and Michell's actions constituted unreasonable deprivation of liberty without due process of law.

27. Upon information and belief, at all times pertinent hereto, City of New York, N.Y.C. Department of Corrections permitted and tolerated a pattern and practice of unreasonable lack of security and reasonable care.

28. Upon information and belief the City of New York and the N.Y.C. Department of Corrections has maintained a system of review of corrections officers conduct which is so untimely and cursory as to be ineffective and to permit and tolewrate the unreasonable lack of security, care and control by its agents, employees and officers

29. The acts, omissions, systematic flaws, policies and customs of the City of New York and N.Y.C. Department of corrections caused its correction officers, agents, and employees to believe that the excessive and unreasonable lack of security which lead to the plaintiff being assaulted and battered would not be aggressively honestly, and properly investigated, with the foreseeable result that defendants are more likely to allow the continued lack of security, care and custody of inmates, where inmates will continue to be assualted and battered and receive second degree burns in the future.

30. Plaintiff filed a claim with the Cityof New York and received Claim No.:2010P1002163. See attached Letter dated 1/20/10.

31. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32. The beating and use of non-deadly force by inmate Cedeno when defendant Mitchell knew of an earlier assault on plaintiff, which lead to plaintiff being burned, when plainitiff did not pose a threat of death or grievance bodliy harm to defendants or others, was without justification or provocation, was excessive and constitutes assualt and battery for which defendants Cityo f New York, N.Y.C. Department of Corrections, Quinones, Pittman, China and Mitchell are individually liable.

33. As a result and proxiamte cause of the assualt and battery committed against plaintiff, plaintiff has sustained permanent ι injuries and will incur medical bills, and other expenses. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mehtal and physical.

34. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 33.

35. The intentional beating and second degree burns of plaintiff by an inmate, when defendant Mitchell had prior knowledge of an earlier assault and battery against plaintiff when plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to others, the assualt and battery and second degree burns was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff. Plaintiff is thus entitlted to exemplary damages.

36. Defendants City of New York, NYC Department of Corrections Quinones, Pittman, China and Mitchell, intentionally allowed and provided the materials for plaintiff to be burned by an inmate that was extreme, outragous and unjustified, and caused plaintiff physical and emotional distress for which defendants and individually liable.

37. Plaintiff incorparates herin by refernce the allegations contained in paragraphs 1 through 36.

38. The intentional burning and beating of palintiff by an inmate and allowed to occur by defendants, were unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

40. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 39.

41. At all times pertinent here to, defendants Quinones, Pittman, China and Mitchell, were acting in the scope of their

employment as an correction officer, captain or warden of the NYC Department of Corrections.

42. Thus the City of New York is liable for compensatory damages under the doctrine of respondant superior for the intentional torts of defendants Quinones, Pittman, China, Mitchell and NYC Department of Corrections.

43. City of New York and NYC Departmentof Corrections, through its agents, expressly authorized defendants Quinones, Pittman, China and Mitchell to allow for plaintiff to be assualted and battered and receive second degree burns; knew, through its agents that the defendants had a propensity for allowing the commiitting of intentional torts, by allowing and providing an inmate with the material to burn plaintiff with while on duty; and acquiesced in the defendants wrongful conduct. Pliantiff is thus entitled to exemplary damages against the City of New York, NYC Department of Corrections for the malicous conduct of defendants.

44. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 43.

45. The City of New York o.wed a duty to plaintiff to train and supervise and oherwise control its correction officers in the proper use of care and custody and security of plaintiff and other matters incidental to the exercise of correct ion officers functions. The City of New York and Department of Corrections failed toprovide adequate training, supervision and control of defendants Quinones, Pittman, China and Mitchell, which failure constitutes negligence. Plaintiff is thus entitled to exemplary damages.

WHEREFORE, plaintiff requests that this Court enter judgment against the defendants and award the following amounts:

A.   $75,000.00 Compensatory damages in favor of plaintiff;

B.   $75,000.00 Exemplary damages in favor of plaintiff;

C.   Costs of this action, including reasonable attorney fees to the plaintiff; and

D.   Such other and further relief as the court may deem just and appropriate.

I declare under the penalty of perjury that the foregoing is true and Correct.

Respectfully submitted,

*Ronald Giddens*
RONALD GIDDENS, #141-09-14553
RNDC (C-74)
11-11 Hazen Street
East Elmhurst, NY 11370

Dated: January 31, 2010


I declare under the penalty of perjury that on this 4 day of FEBRUARY, 2010, I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

*Ronald Giddens*


 

# CORRECTION DEPARTMENT
# CITY OF NEW YORK

**ATTACHMENT A**

## REPORT AND NOTICE OF INFRACTION

Form: 6500A
Rev.: 02/09/07
Ref.: Dir. #6500R-B

| Infraction #: | Institution: OBCC | Date of Incident: 11/3/09 | Date of Report: 11/5/09 |
|---|---|---|---|
| Inmate Name (Last, First): GIDDENS, RONALD | | B&C/Sentence # 1410914553 | NYSID # 04707135Q |
| Location of Incident (Be Specific): 6 Upper Housing Area | | Housing Area Location: 6 Upper | Time of Incident: 1045 HRS |

**Charge #(s) and Offenses(s):**

Charge # Offense

101.14  Fighting w injury
120.10  Refuse to obey a direct order

Charge # Offense

**Reporting Official (Print Name, Rank and Shield):** C.O. S. Mitchell #9627

**Reporting Official (Signature):** *[signature]* C.O. S. Mitchell 9627

**Details of Incident (Include Details as to How, When and Where Infraction was Committed:**

On November 3, 2009 on the 0700x1531 tour at 1045 hours in housing area 6 Upper I C.O. Mitchell #9627 observed inmate Giddens, Ronald B/C#1410914553 NYSID#04707135Q utilizing the telephone. When inmate Cedeno,, Assad B/C#4410807145/00178182J approached inmate Giddens **and threw hot water on inmate Giddens** at which time they engaged in a fist fight. Both inmates were punching each other to the facial area with closed fists. I C.O. Mitchell gave both inmates several direct orders to stop fighting at which time they did not comply. I then activated my PBA #39 to get assistance. The probe team responded to the area escorting both inmates out of the area without further incident. **This infraction was amended to add additional information to clarify the pending charges.**

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this Notice. If you are a sentence inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this Notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3)-business day periods is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention Inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to assistance of Counsel Substitute if the Hearing Officer deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE TO INMATE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand,
2. Loss of privileges,
3. Loss of good time if you are a sentence inmate,
4. Punitive segregation for up to ninety (90) days per each applicable individual charge,
5. Restitution for intentionally damaging or destroying City property,
    A twenty-five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
    You have the right to appeal an adverse decision rendered by the Adjudication Captain.

Interpreter Requested:   [ ] Yes  (If yes, Include What Language) _____   [ x ] No

Hearing Facilitator Requested:   [ ] Yes   [ x ] No



**Michael Aaronson**
Chief, Bureau of Law and Adjustment

015 - 151

THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET  ROOM 1200
NEW YORK, N.Y.  10007-2341

WWW.COMPTROLLER.NYC.GOV

JOHN C. LIU
COMPTROLLER

Date:         01/19/2010
Claim No:  2010PI002163
RE:           Acknowledgment of Claim

RONALD GIDDENS
1600 HAZEN STREET
BRONX, NY 11370

Dear Claimant:

We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence**.

If you have any questions regarding your claim, you may contact us at either 212-669-8750 for property damage claims or 212-669-4445 for claims involving personal injury.

Sincerely,
*Michael Aaronson*



**THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER**

1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

JOHN C. LIU

COMPTROLLER

015 - 196

Date:  01/20/2010
Claim no: 2010PI002163
Claimant: RONALD GIDDENS

RONALD GIDDENS
1600 HAZEN STREET - 141091455
BRONX, NY 11370 -

Dear RONALD GIDDENS:

This office is in receipt of your inquiry regarding your claim. In order to assist us in evaluating the
claim, please provide the following:

✓ Copies of hospital and doctor records indicating a diagnosis

___ Photos of the defect and area where you allegedly fell

___ Copies of bills and proof of payment to medical providers

___ Copies of your pay stubs & proof of lost wages from your employer

✓ Your social security number  __ __ __ - __ __ - __ __ __ __

✓ Your date of birth  __ __ / __ __ / __ __ __ __

___ Other. _____

If you have any questions, please contact me at (212) 669-4765
Please be advised that if we are unable to reach a settlement you must begin a lawsuit within one year and ninety days of the occurrence in order to preserve your rights under the law.

Sincerely,

*[signature]*
CHARLES CASTALDO
-- EXAMINER --

JUDGE PRESKA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 10330

----------------------------------------X

RONALD GIDDENS,

                Plaintiff,         ORDER

-against-

DORA SCHRIRO, COMMISSIONER,
DEPT. OF CORR.; JUAN QUINONES,
WARDEN O.B.C.C.; CAPTAIN
PITTMAN (#967) O.B.C.C.; C.O.
MITCHELL (#9627) O.B.C.C.; C.O.
CHINA (#13670) O.B.C.C.; CAPTAIN
#1630 O.B.C.C.,

                Defendants.

----------------------------------------X

      Plaintiff, presently incarcerated in the Otis Bantum Correctional Center and appearing *pro se*, brings the instant complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that on November 3, 2009, another inmate attacked him with hot water and he sustained second degree burns. Compl. at 3. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, plaintiff is directed to submit an amended complaint within sixty (60) days of the date of this order.

## Discussion

### Failure to Protect

      The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. See Farmer v. Brennan, 511 U.S. 825 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of

---

[1] The instant complaint was received by this Court's Pro Se Office on November 9, 2009.

1

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. See also Morales v. New York State Dep't of Corr., 842 F.2d 27, 30 (2d Cir. 1988) (holding that prison officials are liable for harm incurred by an inmate only if the officials act with "deliberate indifference" to the safety of the inmate). In contrast, "mere negligence [on the part of prison officials] will not suffice" to establish liability. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). The Second Circuit has held that:

> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

Hayes, 84 F.3d at 620 (citing Farmer, 511 U.S. at 837-38). As presently pleaded, plaintiff's allegations that "C.O. Mitchell #9627 [ ] did not exercise care, custody, and control" are insufficient to allege that any defendant knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to prevent the harm. Plaintiff is therefore granted leave to submit an amended complaint detailing his allegations that prison officials were deliberately indifferent to a known risk that plaintiff faced.

**Deliberate Indifference to Serious Medical Needs**

Plaintiff's allegation that the Department of Corrections and Prison Health Services are "den[y]ing inmate [ ] medical services," Compl. at 5, is likewise insufficient to state a claim that any defendant was deliberately indifferent to plaintiff's serious medical needs. "The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to

2

ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (relying on Farmer v. Brennan, 511 U.S. 825, 832 (1994)). See also Erickson v. Pardus, 551 U.S. 89, __, 127 S. Ct. 2197, 2000 (2007) (the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment.") (citations and quotations omitted). "Not every lapse in medical care is a constitutional wrong." Salahuddin, 467 F.3d at 279. The prison official's duty is only to provide "reasonable care," and "prison officials who act reasonably in response to an inmate health risk cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 279-280.

"[A] prison official violates the Eighth Amendment only when two requirements are met. The first requirement is objective: the alleged deprivation of adequate medical care must be 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind." Id. at 280.

Turning to the first requirement, "[a] serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000)(finding that failure to treat tooth condition "is likely to produce agony" and that it was particularly serious "because the plaintiff had so few teeth to spare"); Erickson, 127 S. Ct. at 2000 (allegations that removal from hepatitis c program endangered plaintiff's life sufficiently alleged harm).

With regard to the subjective component of an Eighth Amendment violation, this prong "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result . . . [T]he risk of harm must be substantial and the official's actions

3

more than merely negligence." Salahuddin, 467 F.3d at 280; Estelle, 429 U.S. at 105-06 (inadvertent failure to provide adequate care, or negligence in diagnosing or treating a medical condition insufficient to meet deliberate indifference standard); Harrison, 219 F.3d at 138 ("outright refusal of any treatment for a degenerative condition . . . constitute[s] deliberate indifference on the part of prison officials."); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (prison official's action or failure to act must evince "a conscious disregard of a substantial risk of serious harm").

Claims based on differences of opinion over matters of medical judgment fail to rise to the level of a § 1983 violation. "[T]here is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). See also Estelle, 429 U.S. at 106 (challenge to decision based on medical judgment constitutes, at most, a medical malpractice claim which may be cognizable under state law but not in a § 1983 action).

Assuming without deciding that plaintiff's second degree burns constitute a serious medical need, plaintiff nevertheless fails to demonstrate that any defendant was aware of his serious medical need and acted with deliberate indifference. See Compl. at 4. In an amended complaint, plaintiff is directed to name each prison official who was deliberately indifferent to his serious medical needs in both the caption and the body of the complaint and to state what that individual did or failed to do that violated plaintiff's constitutional rights. If plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe," or "Jane Doe," in both the caption and the body of the complaint. For example, "Correction Officer John Doe #1 on duty on May 5, 2006 at Sullivan Correctional Facility during the 7-2 p.m. shift." Plaintiff is advised, however, that the naming of John Doe defendants does *not* toll the three-year statute of limitations period governing actions

4

arising under 42 U.S.C. § 1983 and that plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the true identity of any "John Doe" defendants before the statute of limitations period expires.

**Personal Involvement**

As a prerequisite to a damage award under 42 U.S.C. § 1983, defendants must be directly and personally involved in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "Because section 1983 imposes liability only upon those who actually cause a deprivation of rights, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (citation omitted). Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. See Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir. 1973).

Plaintiff names Dora Schriro, Commissioner of the Department of Corrections, Juan Quinones, Warden of Otis Bantum Correctional Center, Captain Pittman, Correction Officer China and an unidentified captain with badge #1630 as defendants in the caption of the complaint but fails to include any allegations whatsoever in the body of the complaint regarding any actions or failures to act by any of these defendants. In an amended complaint, plaintiff is directed to include allegations in the body of the complaint explaining how each defendant named in the caption of the complaint was personally involved in violating plaintiff's rights.

**Conclusion**

Plaintiff is hereby directed to file an amended complaint containing the information specified above. Should plaintiff decide to file an amended complaint, it must be submitted to this Court's

5

*Pro Se* Office within sixty (60) days of the date of this order, be captioned as an "Amended Complaint" and bear the same docket number as this order.[2] Plaintiff is advised that his amended complaint will completely replace the original complaint. A copy of this order must be attached to the amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for sixty (60) days or until plaintiff has complied with this order. If plaintiff fails to comply with this order within the time allowed, the complaint will be dismissed. Once submitted, the amended complaint shall be reviewed for compliance with this order and substantive sufficiency, and then, if proper, the case shall be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If the case is reassigned, a copy of this order shall be served with the summons and amended complaint. Nothing herein shall preclude the defendants from making any such motion to dismiss the complaint as they may be advised to do. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

_____
LORETTA A. PRESKA
Chief Judge

Dated: DEC 2 1 2009
New York, New York

---

[2] For plaintiff's convenience, an amended complaint form is annexed hereto.

6

February 4, 2010

RONALD GIDDENS - 441000 **14553**
PIMC (9-74)
11-11 Hazen Street
East Elmhurst, NY 11370



FEB - 5 2010

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

Hon. Loretta A. Preska
Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    RE:  Ronald Giddens v. City of New York, et al.
          (LAP) 09-cv- **10330**

Dear Hon. Preska:

Enclosed please find my amended complaint to be filed with this Court along with a copy of this Court's decision. If there is anything further I must do, please inform me at the above name and address.

Thank you very much for your consideration. I look forward to hearing from your chambers soon.

Sincerely yours,

*Giddens, R*
RONALD GIDDENS

RG:sp
file
Encl.:  (1) Amended Complaint with exhibits
       (1) Court decision